**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LOUIS HYMAN, | : | |
| | : | Civil Action No. 11-6942 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |

**SHIPP**, District Judge

Before the Court is Petitioner Louis Hyman's ("Petitioner" or "Hyman") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"). (ECF No. 1.) The Government filed an Answer to Petitioner's Motion on June 1, 2012. (ECF No. 8.) For the reasons stated below, this Court DISMISSES WITH PREJUDICE Petitioner's Motion as a prohibited second or successive motion, and DECLINES to issue a certificate of appealability.

### FACTUAL AND PROCEDURAL HISTORY

On February 13, 2003, Petitioner pled guilty in the United States District Court before the Honorable Garrett E. Brown, Jr., now retired, to firearm charges. On May 29, 2003, Judge Brown sentenced Petitioner to an aggregate term of 180 months imprisonment. Petitioner's attorney did not file a direct appeal of Petitioner's sentence to the United States Court of Appeals for the Third Circuit. Petitioner is currently incarcerated. The following procedural history frames the matter currently pending before this Court.

In June 2007, Petitioner filed his first pro se petition pursuant to 28 U.S.C. § 2255, to set

aside, correct, or vacate his sentence (the "'07 Petition"). *See United States v. Hyman*, Civil No. 07-3061 (GEB) (the "'07 Case"). In the '07 Petition, Petitioner also sought issuance of a writ of *audita querela* pursuant to the All Writs Act 28 U.S.C. § 1651. On October 26, 2007, Judge Brown denied the '07 Petition in its entirety. On March 27, 2010, Judge Brown denied Petitioner's motion to reconsider the October 26, 2007 decision. On May 2, 2008, Petitioner filed a notice of appeal with the Third Circuit. Thereafter, at the Third Circuit's instruction, Judge Brown considered and denied Petitioner's application for a certificate of appealability in the '07 Case pursuant to 28 U.S.C. § 2253. On October 20, 2008, the Third Circuit also denied Petitioner's application for a certificate of appealability, and noted that Judge Brown's underlying denial of the '07 Petition was correct.

On December 8, 2008, after the Third Circuit upheld Judge Brown's dismissal of the '07 Petition in the now-closed '07 Case, Petitioner filed another petition pursuant to 28 U.S.C. § 2255, and also sought a writ of *audita querela* pursuant to the All Writs Act 28 U.S.C. § 1651 (the "'08 Petition") (Civil No. 08-5999 (GEB) (the "'08 Case")). Noting that the '08 Petition was essentially identical to the previously denied '07 Petition, Judge Brown denied the '08 Petition in its entirety on March 3, 2009. The Third Circuit affirmed that decision on August 24, 2009.

On June 10, 2010, Petitioner filed a motion for a certificate of appealability in the '08 Case regarding Judge Brown's denial of the '08 Petition. Thereafter, on July 20, 2010, Petitioner filed another petition pursuant to 28 U.S.C. § 2255 (the "'10 Petition") (Civil No. 10-3639 (GEB) )), and a motion for the appointment of counsel. On August 9, 2010, Judge Brown issued a memorandum opinion denying the 10 petition.

2

Afterwards, Petitioner filed a petition for a writ of error *coram nobis*.  (Civil No. 10-5464 (GEB).)  Judge Brown issued a letter order denying the writ on February 2, 2011.  (*See* Civil No. 10-5464 (GEB) at ECF No. 3.)  In his letter order, Judge Brown remarked that Petitioner had filed numerous successive § 2255 motions to vacate his sentence, and accordingly, the then-current writ was barred because Petitioner had not obtained the requisite certificate from the Third Circuit pursuant to 28 U.S.C § 2255(h).  Judge Brown also commented that "[t]he fact that Petitioner styles the instant action as a petition for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, does not alter this conclusion.  The present claim attacks Petitioner's conviction and sentence, and therefore should have been brought in a § 2255 motion to vacate his sentence.  Petitioner may not bypass the limitations on successive § 2255 motions by nominally seeking a different kind of writ.  *E.g., Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (petition for writ of *audita querela*); [*United States v.*] *Baptiste*, 223 F.3d [188,] 189–90 [(3d Cir. 2000)] (petition for writ of error *coram nobis*)."  (*See* Civil No. 10-5464 (GEB) at ECF No. 3.)

Petitioner appealed and the Third Circuit affirmed Judge Brown's denial of the writ in an opinion filed on September 12, 2011.  (Third Circuit Case No. 11-1441.)  Petitioner filed a motion for a rehearing before the Third Circuit, which was denied on October 27, 2011.  (*Id.*)

Petitioner then filed this petition "for immediate release from custody" on November 21, 2011, making a new but specious claim that he was denied due process because his trial attorney was not admitted to practice in the State of New Jersey.  Petitioner claims that he learned of his counsel's non-admittance in New Jersey after he was incarcerated.  He also admits that he had retained the New York defense attorney to represent him during his federal criminal proceedings.  (ECF No. 1, Motion at ¶¶ 3, 4.)

3

The Government filed an Answer to Petitioner's Motion on June 1, 2012, arguing that the Motion should be dismissed as an impermissible second or successive § 2255 motion, and further that Petitioner's claim for relief was substantively meritless.  (ECF No. 8.)

Petitioner replied to the Government's Answer on July 19, 2012, reiterating his claim that he was denied due process and his Sixth Amendment right to counsel because his trial attorney was not admitted to practice in New Jersey.  (ECF No. 10.)

The matter was then re-assigned to this Court on July 30, 2012.  (ECF No. 11.)

## DISCUSSION

The Government rightly argues that Petitioner's Motion must be construed as a Motion under 28 U.S.C § 2255,[1] because Petitioner is challenging his 2003 conviction and sentence on grounds that his trial counsel was not admitted to practice in the State of New Jersey.  No matter how Petitioner strains to characterize his Motion as a petition for immediate release from custody, he is clearly seeking to invalidate his conviction.  As Judge Brown so cogently ruled in an earlier successive § 2255 motion filed by Petitioner:

> "[t]he fact that Petitioner styles the instant action as a petition for a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, does not alter this conclusion.  The present claim attacks Petitioner's conviction and sentence, and therefore should have been brought in a § 2255 motion to vacate his sentence.  Petitioner may not bypass the limitations on successive § 2255 motions by nominally seeking a different kind of writ.

[1] Title 28 U.S.C. § 2255 provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  *See generally U.S. v. Thomas*, 713 F.3d 165 (3d Cir.2013) (detailing the legislative history of § 2255).

4

> *E.g., Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (petition for writ of *audita querela*); [*United States v.*] *Baptiste*, 223 F.3d [188,] 189–90 [(3d Cir. 2000)] (petition for writ of error *coram nobis*)."

(*See*   Civil No. 10-5464 (GEB) at ECF No. 3.)   Therefore, this Court construes Petitioner's Motion as a § 2255 Motion seeking to vacate his conviction or sentence.

However, as discussed in the procedural history above, this present Motion is the fifth motion filed by Petitioner in a long series of motions and petitions filed in this District Court challenging his conviction or sentence. It is plainly a successive motion under § 2255.

This Court may entertain a second or successive § 2255 motion only if a panel of the Court of Appeals for the Third Circuit has certified, as provided in 28 U.S.C. § 2244, that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). *See also In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013). This Petition was submitted without any such certification. Accordingly, this Court lacks jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3)(A); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar' ") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Robinson v. Johnson*,

313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

This Court finds that it would not be in the interest of justice to transfer this matter to the Third Circuit for consideration whether to authorize filing of a second or successive motion. Petitioner does not appear to have brought himself within the statutory grounds for filing a second or successive motion. Indeed, Petitioner would be hard-pressed to argue that he "newly discovered" the fact that his trial counsel was not admitted to practice in the State of New Jersey. Indeed, he admits that he learned this information when he was incarcerated, which was long ago, and that he had retained New York counsel to represent him in his criminal proceedings. Thus, Petitioner had ample time and opportunity to raise this claim in his first § 2255 Motion and his numerous successive § 2255 Motions.[2]

The Court finally remarks that Petitioner's repetitive motions seeking to invalidate his conviction or sentence despite numerous rulings denying relief by the District Court and the Third Circuit has approached the point of becoming an abuse of writ. The Court cautions Petitioner that another such repetitive motion that similarly seeks to vacate his sentence will be viewed as an abuse of writ and may be subject to a preclusion order.

---

[2] While the Court need not address the merit of Petitioner's claim, it is worth noting, as argued by the Government, that Petitioner's claim is wholly lacking in substantive merit. An attorney not admitted to the New Jersey State Bar can practice before the District Court upon certifying to the Court that he is a member in good standing of a bar in another state, pursuant to Local Criminal Rule 44.1. Petitioner's counsel, Robert Didio, was a member in good standing of the New York State Bar since 1987. (ECF No. 8, Government's Response at 9.)

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), cited in *U.S. v. Williams*, No. 13–2976, 2013 WL 4615197, *2 (3d Cir. Aug.30, 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), cited in *Kaplan v. U.S.*, Civil No. 13–2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## CONCLUSION

For the reasons set forth above, this Court DISMISSES WITH PREJUDICE Petitioner's Motion for lack of jurisdiction as it is a prohibited second or successive § 2255 Motion and Petitioner failed to obtain a certificate from the Third Circuit before bringing his Motion in this

7

Court.  The Court also DECLINES to issue a certificate of appealability.   An appropriate Order

follows.


_____
MICHAEL A. SHIPP
United State District Judge